# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

FILED BY_____ D.C.

05 JUN -6 AM 9:39

ROBERT R. DI TROLIO
CLERK, U.S. DIST CT.
W. D. OF TN JACKSON

| | | |
|---|---|---|
| RUDOLPH POWERS, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1248-T/An |
| | ◊ | |
| CORRECTIONS OFFICER SPRINGER, | ◊ | |
| ET AL., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

---

### ORDER TO COMPLY WITH PLRA
### ORDER ASSESSING $150 FILING FEE
### ORDER OF DISMISSAL
### ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
### AND
### NOTICE OF APPELLATE FILING FEE

---

Plaintiff Rudolph Powers, Tennessee Department of Correction ("TDOC") prisoner number 95360, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 1, 2004. The Clerk shall record the defendants as Corrections Officer Springer; NWCX Health Care Administrator Samantha Phillips; Correctional Medical Services ("CMS"); Sergeant Troy Ferrell; Counselors Terry Dwyer and Mary Pruett; Janice Rice, who is described as an Accounting Technician 1; NWCX Warden Tony Parker; TDOC Commissioner Quenton White, and the TDOC.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on ___06-06-05___

④

I.      Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[1]   The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer.  Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them

---

[1]   Because this action was commenced prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing

by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

The plaintiff's complaint is extremely unclear. He first alleges that, on June 11, 2004, he visited the prison clinic to get a signature verified. Corrections Officer Springer asked the plaintiff what he wanted, and plaintiff responded that he wanted to see a nurse to find out who had signed an inmate inquiry so he could put that name in a grievance he was about to file. Springer returned with a copy of plaintiff's medical records, which indicated that plaintiff had a walk-in visit for an unspecified problem on January 4, 2004 and was referred to see a doctor on January 7, 2004. Plaintiff contends that, by obtaining his medical records, defendant Springer committed various state law torts and the state criminal offense of aggravated perjury.

Second, plaintiff alleges that defendant Phillips, the NWCX Health Care Administrator, conspired to cover up Springer's actions by failing to respond to three inmate inquiries he submitted. When plaintiff sent a fourth inquiry to the warden, Phillips responded to his third inquiry, but not the first or second inquiries. Plaintiff alleges he filed

a grievance and, as a result, he learned for the first time that his medical records indicate he did not show up for a medical appointment on January 7, 2004, when he was attending his parole hearing. According to the plaintiff, the information he received also indicated that defendant Springer had given plaintiff information on June 11, 2004 that should have been given out only by a doctor or nurse. Phillips was called as a witness by plaintiff at the June 29, 2004 grievance hearing, at which point she allegedly involved Sergeant Ferrell, counselor Dwyer and counselor Pruett, the grievance board members, in her conspiracy. Plaintiff contends he was denied due process at the grievance board hearing and, as a result, the defendants are guilty of aggravated perjury.

The complaint also alleges that defendant Phillips is guilty of negligence and fraud because, according to his medical records, the appointment plaintiff missed on January 7, 2004 was rescheduled for January 28, 2004.

The complaint further alleges that, on May 4, 2004, defendant Phillips authorized defendant Rice, the accounting technician, to remove $5.00 from plaintiff's inmate trust fund account to pay for glasses that plaintiff should have received without charge.

On July 15, 2004, defendant Parker, the NWCX Warden, allegedly locked down the institution because of an outbreak of staphylococcus bacteria. The plaintiff became ill after chemicals were sprayed in his cell and the plaintiff was sent to the clinic. The complaint also alleges, vaguely, that the visit was supposed to be nonchargeable and the nurse was told to have the plaintiff sign a withdrawal form but the nurse refused to put a reason for the

funds to be taken. Defendants Phillips and Rice thereafter removed funds from plaintiff's account to pay for that visit.

Next, plaintiff alleges that defendants Ferrell, Dwyer, and Pruett, the grievance board members, are guilty of conspiracy and violated their duty to make uniform decisions with respect to defendant Springer's access to confidential information.

The complaint further alleges that defendant Rice committed various offenses in connection with her management of plaintiff's inmate trust fund account. First, no interest has been paid on the plaintiff's funds for the past ten years. Second, defendant Rice is allegedly "cooking the books" on funds derived from the recycling program. Third, defendant Rice is allegedly "cooking the books" on funds received in connection with guilty dispositions on disciplinary infractions. Fourth, defendant Rice has engaged in improper conduct in connection with fees received from inmates for television and cable television for the past ten years. Fifth, on October 10, 2003, defendant Rice allegedly breached some contract the plaintiff had made with Sarah L. Craig, who is apparently employed by the Appellate Court Cost Center. Sixth, on October 10, 2003, shortly after plaintiff had received a money order, defendant Rice illegally removed the funds from the plaintiff's account and sent them to Craig, who is not a party to this action. Defendant Rice is also allegedly responsible for the unauthorized withdrawals that were previously described.

On September 1, 2004, defendant Phillips allegedly discontinued the plaintiff's medication for chronic back pain and rheumatoid arthritis, which he had been taking since

1983. This act was allegedly taken in retaliation for the grievance plaintiff filed against Phillips and Stringer concerning the violation of his privacy. Plaintiff contends he submitted an official inmate inquiry form to Phillips on September 2, 2004 concerning this change. Plaintiff contends that he received his inquiry form back from Phillips on September 13, 2004 and she somehow rewrote his question in her own handwriting, which plaintiff contends is a violation of his rights.

Next, plaintiff sues defendant Parker because he agreed with the proposed response of a grievance committee on July 1, 2004 without performing an investigation. Plaintiff also complains that Parker removed fifteen individuals, none of whom is the plaintiff, from an inmate guild that is designed to represent the inmate population. Parker's action was allegedly in retaliation for an issue raised by inmates about the propriety of charging for television services. According to the complaint, these other inmates suffered various injuries.

It is not clear why the plaintiff has sued defendant White, the TDOC Commissioner, as the complaint alleges only that he has the power to initiate investigations, administer oaths, and compel the production of books and papers.

The complaint also alleges something about unspecified rules and regulations acting to impede inmates' access to the courts.

The plaintiff seeks declaratory and injunctive relief, the filing of criminal charges against the defendants, and monetary damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies.  Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system).  This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims.  Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to

dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, No. 03-2331, 2005 WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005) (to be published in the Federal Reporter).

In this case, the plaintiff has attached a copy of a grievance (Grievance No. 8460) that he submitted on or about June 14, 2004 concerning (i) the allegedly unauthorized $5.00 deduction from his account on May 4, 2004; (ii) an allegedly unauthorized withdrawal of $3.00 on January 7, 2004 for the appointment he missed because of his parole hearing; and (iii) the allegedly unauthorized charge to his account for eyeglasses. The grievance also mentions defendant Phillips's failures to respond to previous inmate information inquiries. Defendant Phillips responded to the grievance on June 15, 2004. After a grievance hearing, defendant Ferrell, the grievance chairman, concurred with the supervisor's response on June 29, 2004. Plaintiff appealed to the warden, and defendant Parker agreed with the proposed response on July 6, 2004. The TDOC Assistant Commissioner for Operations agreed that the charges were appropriate on July 14, 2004. Accordingly, plaintiff has exhausted his claim against defendant Phillips concerning the listed charges to his inmate trust fund

9

account. Plaintiff has not, however, exhausted his claim against defendant Rice for those charges. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504. Moreover, although the grievance mentions defendant Springer, nothing in the text of the plaintiff's grievance, or the minutes of the hearing held on June 29, 2004, indicate that the plaintiff exhausted his claim that Springer violated his privacy by obtaining the information he sought from his medical file.

The plaintiff has not satisfied his burden of demonstrating, through particular allegations, that he exhausted any more of the numerous claims set forth in the complaint. The only other documents submitted by the plaintiff consist of two pages concerning the withdrawal from the plaintiff's account on October 10, 2003, but those pages do not provide enough information to ascertain the resolution of that grievance, whether any of the individual defendants were named, and whether the plaintiff appealed to the warden and to TDOC.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[2] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss

---

[2] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement,

any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the plaintiff's complaint is subject to dismissal, in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Certain aspects of plaintiff's complaint are subject to dismissal on the merits.

As a preliminary matter, plaintiff's complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The allegations in this complaint wholly fail to satisfy the requirements of Rule

assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

8(a)(2). The complaint describes at length the fact that the plaintiff allegedly missed a medical appointment on January 7, 2004, which was apparently rescheduled for January 28, 2004, but fails to explain how those facts should entitle him to relief against any of the named defendants. The complaint also complains at length about the actions of the grievance board, but the documents submitted by the plaintiff indicate that the plaintiff's dispute with Stringer was not the subject of his grievance hearing. The complaint also does not explain what defendants Ferrell, Dwyer, and Pruett are alleged to have done. It also is unclear why it is significant that defendant Phillips rewrote the question on the plaintiff's inmate inquiry form concerning his medication. There is no allegation that the plaintiff's rights were violated by the actions of defendant Parker with respect to the inmate guild or the actions of defendant Rice other than those that pertain directly to the plaintiff's inmate trust fund account. Finally, the factual allegations against defendant White are incomprehensible.

The Court ordinarily would order the plaintiff to amend his complaint to comply with the Federal Rules of Civil Procedure. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with Fed. R. Civ. P. 8(a)(2) and within the applicable statute of limitation.

However, in an attempt to forestall the filing of another meritless complaint, the Court will briefly address the merits of several of the claims raised in the instant complaint. First, plaintiff has no claim against defendant Phillips due to her failure to provide adequate responses to his grievances or against defendants Ferrell, Dwyer, and Pruett concerning their conduct of the plaintiff's grievance hearing and their failure to render uniform decisions. Although 42 U.S.C. § 1997e(a) imposes a statutory requirement that prisoners exhaust their administrative remedies before filing lawsuits, misfeasance or malfeasance by prison officials in connection with the grievance process is not grounds for an independent cause of action. See 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Second, defendant Parker cannot be held liable on the basis of his position as the warden of the NWCX, and defendant White cannot be held liable because of his position as TDOC Commissioner. There is no *respondeat superior* liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead:

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity.

13

Shehee v. Luttrell, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that any defendant "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). Moreover, that standard is not satisfied by allegations that a defendant mishandled the plaintiff's grievance or failed to intervene on his behalf. Shehee, 199 F.3d at 300. Accordingly, even if it were assumed that plaintiff's inmate trust fund was mishandled and defendant Phillips retaliated against the plaintiff for complaining about it, defendants Parker and White would not be liable.

The plaintiff also has no claim based on the allegedly unauthorized deductions from the plaintiff's inmate trust fund account. Parratt v. Taylor, 451 U.S. 527 (1981), held that a negligent deprivation of personal property by state officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. Davidson v. Cannon, 474 U.S. 344 (1986), and Daniels v. Williams, 474 U.S. 329 (1986), held that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." Moreover, Hudson v. Palmer, 468 U.S. 517 (1984), held that even an intentional deprivation of personal property by state

14

officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. <u>See also</u> <u>Smith v. Rose</u>, 760 F.2d 102, 106 (6th Cir. 1985); <u>Brooks v. Dutton</u>, 751 F.2d 197 (6th Cir. 1985).

The plaintiff has an adequate state remedy because he has the right to pursue remedies in state court. <u>See, e.g.</u>, Tenn. Code Ann. § 8-8-302 (1988); <u>see also</u> <u>Jenkins v. Loudon County</u>, 736 S.W.2d 603, 609 (Tenn. 1987); <u>Johnson v. Smith</u>, 621 S.W.2d 570 (Tenn. App. 1981). Inmates are permitted to bring lawsuits in state court to recover for torts committed against them. <u>See</u> <u>Whisnant v. Byrd</u>, 525 S.W.2d 152 (Tenn. 1975); <u>Smith v. Peebles</u>, 681 S.W.2d 567, 569 (Tenn. App. 1984); Tenn. Const. art. 1, §§ 12, 17. Moreover, Tennessee has created a claims procedure which provides an adequate remedy for the negligent care of state prison inmates. <u>See</u> Tenn. Code Ann. § 9-8-301 to -308. The Tennessee Claims Commission has jurisdiction of claims of negligent injury inflicted on state prison inmates and deprivations of their personal property. Tenn. Code Ann. § 9-8-307(a)(1)(E) & (F). Plaintiff thus has an adequate state remedy.

Accordingly, the Court DISMISSES the above-mentioned claims with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on which relief may be granted. All remaining claims are DISMISSED without prejudice, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

III.   <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this

15

decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[3] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

---

[3] Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this

is the second dismissal of one of his cases as frivolous or for failure to state a claim.[4]

IT IS SO ORDERED this ___6th___ day of June, 2005.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3]  The plaintiff previously filed Powers v. Craig, et al., No. 96-2148-Ml/V (W.D. Tenn. dismissed as frivolous June 28, 1996).
    The fact that many of plaintiff's claims have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous. Clemons v. Young, 240 F. Supp. 2d 639 (E.D. Mich. 2003).

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
 case 1:04-CV-01248 was distributed by fax, mail, or direct printing on
June 6, 2005 to the parties listed.

---

Rudolph Powers
NWCC-TIPTONVILLE
95360
960 State Route 212
Tiptonville, TN 38079

Terry Dwyer
4544 Highway 21
Hornbeak, TN 38232

Honorable James Todd
US DISTRICT COURT