

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RUDOLPH POWERS,

    Plaintiff,

VS.                                No. 04-1248-T/An

CORRECTIONS OFFICER SPRINGER,
ET AL.,

    Defendants.

---

ORDER DENYING MOTION FOR CONSOLIDATION OF THE FILING FEES
AND
ORDER GRANTING MOTION FOR EXTENSION OF TIME

---

The plaintiff, Rudolph Powers, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint on October 1, 2004. On June 6, 2005, the Court entered an order assessing the district court filing fee of $150 pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), and dismissing the case under § 1915(e) and § 1915A(b). The judgment was entered on the docket on June 8, 2005. Plaintiff has now filed a notice of appeal and a document titled "Motion for Extensions of Time. . . . and the Consoladation [sic] of the Filling [sic] Fees."

In both the notice of appeal and plaintiff's motion, he asserts that he is not seeking to proceed on appeal *in forma pauperis*, but merely consolidation of the district court and appellate filing fees. He apparently seeks an order directing the prison officials to forward

installment payments of $30 per month from his prison trust fund account until both fees are paid in full.

The PLRA, which is a part of the *in forma pauperis* statute, sets out in detail the procedure for assessing filing fees in prisoner cases. There is no provision in that statute authorizing the Court to order prison officials to withdraw a particular amount each month, such as $30, instead of the 20% of monthly deposits specified in the statute. However, if a prisoner has both the district court filing fee and the appellate court filing fee outstanding, the prison officials should withdraw 20% for each fee. Thus, while both fees are outstanding, 40% of the monthly deposits should be withdrawn from the prisoner's trust fund account and forwarded to the Clerk of Court until the district court fee is paid. When only the appellate fee remains outstanding, the prison officials should resume forwarding 20% of the monthly deposits until that fee is also paid. See Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) (holding that "fees for filing the complaint and appeal cumulate").

The plaintiff's request for consolidation of the filing fees in the manner he requests is DENIED. However, the Court hereby GRANTS plaintiff an additional thirty days from the entry of this order in which to either pay the entire $255 appellate filing fee in full, or submit his *in forma pauperis* affidavit with a certification by the trust fund officer and a trust fund account statement. If plaintiff files the required documentation and the Court finds that he is indeed indigent, the Court will assess the appellate filing fee in accordance with the

PLRA, as explained above.[1]

If plaintiff fails to file the required documentation in a timely manner, the Court will assess the entire filing fee without regard to the installment payment procedures and will notify the Court of Appeals, who may dismiss the appeal for failure to prosecute under Fed. R. App. P. 3(a)(2). If dismissed under these circumstances, the appeal will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

The Clerk will provide the plaintiff a copy of the correct affidavit form with this order. The Clerk also is directed to mail a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15 July 2005
DATE

---

[1] If the filing fee is assessed pursuant to the PLRA, plaintiff remains free to send additional funds to the Clerk on his own initiative, should he so desire.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:04-CV-01248 was distributed by fax, mail, or direct printing on July 19, 2005 to the parties listed.

---

Terry Dwyer
4544 Highway 21
Hornbeak, TN 38232

Rudolph Powers
NWCC-TIPTONVILLE
95360
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT