IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RUDOLPH POWERS,                           )
                                          )
    Plaintiff,                            )
                                          )
VS.                                       )   No. 04-1248-T/An
                                          )
CORRECTIONS OFFICER SPRINGER,             )
ET AL.,                                   )
                                          )
    Defendants.                           )

## ORDER ASSESSING APPELLATE FILING FEE

On June 29, 2005, plaintiff Rudolph Powers, prisoner number 95360, an inmate at Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a notice of appeal from the order of dismissal and judgment entered in this case. Plaintiff also filed a document styled "Motion for Extensions of Time. . . . and the Consoladation [sic] of the Filling [sic] Fees." The Court denied that motion, but granted plaintiff an extension of time in which to either file the documentation required under 28 U.S.C. § 1915(a)(2) or pay the $255 appellate filing fee. Plaintiff submitted the required documentation on August 2, 2005.

In April 1996, the Prison Litigation Reform Act of 1995 (PLRA) amended 28 U.S.C. § 1915 to require that all prisoners bringing a civil action or filing an appeal pay the full filing fee required by 28 U.S.C. § 1914(a). Twenty-eight U.S.C. § 1915(b) now provides:

    (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
        (A)   the average monthly deposits to the prisoner's account; or
        (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
    (2)   After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, the *in forma pauperis* statute does not excuse payment of the full filing fee required by 28 U.S.C. § 1914(a); it merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff's documents show that the average monthly balance in his trust fund account during the past six months was $29.14 and his average monthly deposits were $67.53. Therefore, the Court hereby assesses a partial initial filing fee of 20% of $67.53, which equals $13.50.

Accordingly, the trust fund officer at plaintiff's prison is ORDERED to collect, when funds exist, the initial partial filing fee of $13.50 from plaintiff's trust fund account and pay it directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the account and forward them to the Clerk of Court. On each occasion that

funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial appellate filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of Court monthly payments equal to 20% of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255 filing fee is paid.

The assessment of this fee does not supplant the previous assessment of the district court filing fee. Rather, plaintiff is now obliged to pay both fees. Furthermore, the assessment of the two fees must now be made simultaneously. That is, the trust fund officer shall collect 20% of the previous month's deposits for the district court filing fee and simultaneously collect 20% of the same month's deposits for the appellate court fee. Thus, the prison shall collect 40% of the deposits each month until the district court fee is paid. When only the appellate fee remains outstanding, the trust fund officer shall collect 20% of the monthly deposits until that fee is also paid in full. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998); Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) (holding that "fees for filing the complaint and appeal cumulate").

Each time that the trust fund officer makes a payment to the Clerk of Court as required by this order, he shall print a copy of the prisoner's account statement showing all

activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301,

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address and provide the officials at the new prison with a copy of this order.

The Clerk is directed to mail copies of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison and also to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. The Clerk shall also mail a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

5 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:04-CV-01248 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Rudolph Powers
NWCC-TIPTONVILLE
95360
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT